MARY DRYOVAGE, (CA SBN 112551)
Law Offices of Mary Dryovage
    600 Harrison Street, Suite 120,
    San Francisco, CA 94107
    Telephone: 415 593-0095
    Fax. 415 593-0096
    Email: mdryovage@igc.org

WENDY MUSELL (CA SBN 203507)
Stewart & Musell
    600 Harrison Street, Suite 120
    San Francisco, CA 94107
    Telephone: 415/593-0083
    Fax: 415/520-0920,
    Email: wmusell@stewartandmusell.com

Attorneys for Plaintiff
HILTON I. WESLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON I. WESLEY,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY,<br><br>             Defendant. | Docket No.<br><br>**COMPLAINT - EMPLOYMENT DISCRIMINATION BASED ON AGE, RACE, AND DISABILITY**<br><br>**JURY TRIAL REQUESTED** |

**I.**

**NATURE OF THE ACTION**

1.    This action is brought by Plaintiff HILTON I. WESLEY (hereafter "WESLEY"), employed by ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY, (hereafter "Defendant", or "DOD") for age, race, and disability discrimination, to wit: wrongful discharge, hostile environment, and refusal to provide reasonable accommodation.

2.    This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §630 *et seq*. (ADEA); Civil Rights Act of 1964, 42 U.S.C. §2000e-16 *et seq*. as amended by the Civil Rights Act of 1991 (Title VII), the Civil Service Reform Act, 5 U.S.C.§1201, *et seq*. (CSRA), the

Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended by the Americans With Disabilities Act, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. Plaintiff seeks backpay, front pay and compensatory damages, as well as a declaratory judgment and injunction to restrain defendant employer from committing prohibited personnel practices, policies, customs and usages, from discriminating against plaintiff and other employees of the DOD based age, race, and disability. Plaintiff seeks injunctive relief requiring defendant employer to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA, Title VII, CSRA and the Rehabilitation Act. Plaintiff seeks injunctive relief requiring the defendant employer to take specific actions designed, implemented and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate and stop situations and complaints. Such specific actions, include, but are not limited to:

a. allocation of significant funding and trained staff to implement all changes within two years;

b. discipline managers who have violated the agency's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

e. mandatory and effective training for all employees and managers on discrimination issues, investigations and appropriate corrective actions; and eliminating the backlog of current EEO cases alleging discrimination.

## II.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon the Civil Rights Act of 1964, 42 U.S.C. §2000e-16 *et seq.*, 28 U.S.C. §§ 1331, 1337, 1343, 1345 and 2401(a), which grant district courts

jurisdiction over actions alleging unlawful and discriminatory employment practices by federal agencies and provides for judicial review of cases involving age, race, and/or disability discrimination. The unlawful practices alleged in this complaint occurred in the Northern District of California.

### III.
### PLAINTIFF

4.      Plaintiff HILTON I. WESLEY is a citizen of the United States who has been employed in California as an Auditor GS-0511-11 from September 21, 1987 until February 26, 2006, by ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY.

### IV.
### DEFENDANT

5.      Defendant ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY is the head of an executive agency within the meaning of the Civil Service Reform Act, 5 U.S.C. 1065 and the Civil Rights Act, as amended, 42 U.S.C. 2000e-16.  As such, defendant has the full responsibility for administration of all programs within the agency, including the employment policies and practices of the U.S. DEPARTMENT OF DEFENSE in all regions and is in a position to create and implement a policy to eliminate and prevent any form of discrimination and retaliation and to provide complete relief for plaintiff.  Defendant is sued in his official capacity.

### V.
### EXHAUSTION OF REMEDIES

6.      Plaintiff WESLEY filed a formal EEO complaint alleging his removal was based on his age (DOB 7-26-1951), race (African-American) and disability (heart and renal disease) on February 18, 2006.  He also filed a timely mixed case MSPB Appeal regarding his removal, based on his age, race (African-American) and disability. No discovery was permitted in violation of the CSRA.  An administrative hearing was held on August 14, 15, and 17, 2007 before MSPB Chief Administrative Judge Amy Dunning. The initial decision issued on

November 14, 2007. A timely Petition for Review to the Merit Systems Protection Board was filed on December 19, 2007, *Wesley v. Department of Defense*, Docket No. SF-0432-0082-I-2. Plaintiff WESLEY was sent the Final Order and right to file a civil action in District Court, dated April 30, 2008. See Exhibit A, Final Order, dated April 30, 2008. Thereafter, a timely complaint was filed within thirty days of receipt of the Final Order.

## VI.

## STATEMENT OF FACTS

7.   Plaintiff WESLEY is a member of a protected group based on his age (DOB 7-26-1951), race (African-American) and disability (heart and renal disease).

8.   Plaintiff WESLEY fully exhausted his administrative remedies in *Wesley v. Department of Defense*, Docket No. SF-0432-0082-I-2.

9.   Plaintiff WESLEY was employed as an Auditor GS-0511-11 at the Defense Contract Audit Agency (DCAA), Western Region for over 17 years, from September 21, 1987 until February 26, 2006.

10.   Plaintiff WESLEY's Position Description as Auditor GS-511-11, dated September 20, 2001 provides: "Duties - Serves as an auditor on a Participative Work Team (PTW) at a filed audit office (FAO) with responsibility for planning, performing and reporting on a variety of contract audit assignments in connection with procurement and contracting activity between the Federal Government and the contractor. These assignments are typically designed to support career progression and of increasing complexity to develop and test the auditor's ability to independently perform the full range of complex audit assignments at the GS-12 full performance level."

11.   At all times relevant herein, Plaintiff WESLEY worked under a five-tiered performance appraisal system, which rated employees annually as "outstanding", "exceeds fully successful", "fully successful", "minimally successful" or "unacceptable".

12.   At no time relevant prior to November 17, 2004 was Plaintiff WESLEY rated "unacceptable" on one or more critical elements in his annual performance rating.

13. Plaintiff WESLEY was never disciplined in his entire career with the Department of Defense.

14. Between 1999 and 2003, Plaintiff WESLEY was assigned to work as an Auditor at the Lockheed Martin Branch of the East Bay Branch Office and had no performance problems during that period.

15. On October 19, 2003, Plaintiff WESLEY was reassigned to the East Bay Branch Office, subjected to harassment, at which point his health declined dramatically.

16. Plaintiff WESLEY received a five tiered Performance Appraisal for performance rating year April 01, 2003 to March 31, 2004 on or about May 20, 2004 which rated him fully successful in Critical Element 3, Timeliness of Audit Assignments and Reports and Critical Element 5, Maintaining Effective Working Relationships and Team Participation. He was not rated unacceptable in any Job Element.

17. On November 17, 2004, Plaintiff WESLEY was placed on a Performance Improvement Plan (PIP) for the period November 24, 2004 to March 31, 2005 by his supervisor, Doris White. The PIP notice provided him with new performance standards which were not standards and elements in his position description and were based on a three tiered system.

18. Plaintiff WESLEY was instructed to place his completed assignments on the desk of his supervisor. Plaintiff WESLEY routinely submitted his assignments five days before the due date. However, these assignments were not returned to him in a timely fashion, but were given to him after languishing on the supervisor's desk.

19. Plaintiff WESLEY was charged with submitting his assignments late, when the computer tracking records document that they were submitted to the supervisor on time.

20. Plaintiff WESLEY received a five tiered Mid-year Performance Appraisal for the period November 24, 2004 to March 31, 2005 on or about May 24, 2005, which rated him fully successful in Critical Element 1, Audit Program Preparation, Revision and Execution and Critical Element 5, Maintaining Effective Working Relationships and Team Participation. He was not rated unacceptable in any Job Element.

21. On May 4, 2005, Plaintiff WESLEY received a memorandum notifying him that he successfully completed the Performance Improvement Plan (PIP) from Doris White.

22. On November 22, 2005, Defendant DOD proposed to remove Plaintiff WESLEY from his position as a GS-11 Step 8 Auditor for alleged Unacceptable Performance. The notice of proposed removal contained numerous inaccuracies, inconsistencies and is at odds with the documentation of his actual work performance.

23. None of the documents, work papers, emails or other materials relied on in proposing Plaintiff WESLEY's removal were provided to him at any time relevant to this action.

24. On December 6, 2005, Plaintiff WESLEY filed a discrimination complaint regarding the proposed removal.

25. On December 13, 2005, Plaintiff WESLEY filed a response to the proposed removal to Defendant's agent, Steven Paul, Western Regional Audit Manager, which stated inter alia "it's clear that DCAA is targeting disabled African-Americans. In fact, sixty percent of the entire DCAA African-American workforce in the Pay Area is now defending itself against unfair discrimination."

26. On December 21, 2005, Defendant's agent, James I. Hayes, Defense Contract Audit Agency Field Manager met with Defendant's agent Steven Paul, Regional Audit Manager and discussed Plaintiff WESLEY's disclosure that he has "congestive heart failure (having to bring oxygen tank to work), kidney failure causing frequent urination, diabetes and sleep apnea".

27. On January 4, 2006, Plaintiff WESLEY was sent a memorandum from Hayes instructing him to provide additional information regarding his Disclosure of Medical Condition and Request for Reasonable Accommodation.

28. James I. Hayes acknowledged that Plaintiff WESLEY provided a Disclosure of Medical Condition when he completed the Supervisor's Statement on January 5, 2006.

29. Plaintiff WESLEY was removed from his position on January 20, 2006.

30. On January 24, 2006, Hayes cancelled the decision to remove Plaintiff WESLEY, pending review of the medical documentation.

*Wesley v. Gates*
Complaint - Employment Discrimination                                                                 Page 6

31. On January 25, 2006, Plaintiff WESLEY provided a Disclosure of Medical Condition, in a memo to Steven Paul, Western Regional Audit Manager, in which he reiterated his on-going requests for reasonable accommodation, to wit: 1) A transfer to a more reasonable supervisor, who acknowledges his medical impairments and facilitates successful job performance by providing timely feedback on his performance so as to obviate repetitions errors and specific training for first time audit assignments and audit preferences. 2) A flexible work schedule that permits him to maintain his medical appointments and attend to his healthcare conditions and medicinal adjustment. 3) A short-term increase in budget audit hours related to new mobile audit assignments or an outright transfer to a large contractor audit environment where typically more time is allocated for each assignment and longer cycle times exist.

32. Chapter 69 of the DOD procedures on Reasonable Accommodation of Disabilities, 1-3 (m) provides that "reassignment is a form of reasonable accommodation that, absent undue hardship, is provided to employees (not applicants) who, because of a disability, can no longer perform the essential functions of their job, with or without a reasonable accommodation. Reassignment is a last resort that must be considered if there are no effective accommodations that would enable the employee to perform the essential functions of his/her current job, or if all other possible accommodations would impose undue hardship."

33. Defendant DOD refused to provide Plaintiff WESLEY any of the accommodations requested and removed Plaintiff WESLEY from his position, effective February 6, 2006.

34. On February 6, 2006, Defendant's agent, Steven E. Paul, Regional Audit Manager received medical documentation from Plaintiff WESLEY's treating physician which "indicated that your medical impairments are severe and lifelong, but manageable under the proper medical care".

35. Mr. Paul denied the request for reasonable accommodation without meeting and conferring with Plaintiff WESLEY, stating "In sum, none of the requested accommodations are reasonable or shown to be likely to have improved your specific performance deficiencies under your Critical Elements".

36. Plaintiff WESLEY was is a qualified person with a disability within the meaning of the Rehabilitation Act, based on his physical disability (heart and renal disease).

37. Defendant, through his agents, were aware of Plaintiff WESLEY's disability and requests for reasonable accommodation.

38. The DOD had a long history of denying promotions and employment opportunities for higher graded positions to qualified African-Americans.

39. Defendant, through his agents, verbally harassed Plaintiff WESLEY by engaging in loud, excessively critical and inappropriate remarks to Plaintiff WESLEY in his cubicle.

40. The DCAA engaged in a pattern and practice of removing African-American disabled auditors for alleged performance deficiencies and replacing them with younger, non-disabled less qualified auditors who are not members of the protected group.

41. Defendant through his agent placed Victor Brown, a DCAA Auditor GS-0511-12, who is also an African-American with a physical disability (heart and kidney disease) on a Performance Improvement Plan (PIP). Mr. Brown received a memorandum notifying him that he successfully completed the PIP.

42. Defendant through his agent knew that Mr. Brown was on kidney dialysis from January 2000 to the present. Defendant provided Mr. Brown a portion of the request for reasonable accommodation, namely, tele-commuting from his home. However, due to the increased scrutiny and harassment, he volunteered to discontinue the tele-commuting arrangement and to work in the office.

43. While he was working in his cubicle, Mr. Brown blacked out. Mr. Brown's health was adversely affected by the stress caused by the abusive treatment, which exacerbated his high blood pressure.  Defendant, through his agent, Mr. Hayes saw him in his cubicle and asked him to come to his office. Mr. Hayes stated "a little stress is good for everyone", and accused him of sleeping on the job, but would not listen to his request for more appropriate reasonable accommodation.

44. Defendant, through his agent, Mr. Paul removed Victor Brown from his position as Auditor, for alleged performance reasons on February 24, 2006.

45. Mr. Brown was criticized for developing statistical analysis which uncovered potential overcharging of defense contracts.

46. Shortly after Mr. Brown's removal, another non-African-American Auditor was given a performance award for utilizing the statistical analysis developed by Mr. Brown in one of his audits, for which Mr. Brown was criticized.

47. Mr. Brown submitted his disability retirement application and obtained approval from OPM. Thereafter, defendant, through his agent sent a letter to OPM, thereby causing his medical benefits to be cancelled. Mr. Brown was notified of the cancellation by the dialysis clinic staff.

48. Defendant, through his agent, Mr. Paul removed Ingrid Boswell from her position as Auditor, for alleged performance reasons.

49. Defendant DOD, through his agents, failed to take appropriate remedial steps to stop the discrimination and harassment of Plaintiff WESLEY, Mr. Brown, Ms. Boswell and other DCAA employees who are African-American or who were disabled.

50. Defendant DOD, through his agents, knew of Plaintiff WESLEY's protected activity at all times relevant to this action.

## VII.

## FIRST CLAIM

### (UNLAWFUL DISCRIMINATION BASED ON AGE)

51. Paragraphs 1 through 50 above are hereby incorporated by reference as though fully set forth in this claim.

52. Defendant has unlawfully discriminated against plaintiff WESLEY based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §630 *et seq*.

53. Plaintiff WESLEY is a member of a protected group based on his age (DOB: July 26, 1951).

54. Plaintiff WESLEY was qualified for his position as Auditor at all times relevant to this dispute.

55. Defendant DOD treated Plaintiff WESLEY less favorably than similarly situated employees who are not over 40.

56. Defendant DOD replaced Plaintiff WESLEY with younger employees who were equal to or less qualified than Plaintiff WESLEY.

57. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless the Court grants relief.

## VII.

## SECOND CLAIM

### (UNLAWFUL DISCRIMINATION BASED ON RACE)

58. Paragraphs 1 through 50 above are hereby incorporated by reference as though fully set forth in this claim.

59. Defendant has unlawfully discriminated against Plaintiff based on his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-16 *et seq*. as amended.

60. Plaintiff is a member of a protected group based on his race (African-American).

61. Defendant treated Plaintiff less favorably than similarly situated employees who are not African-American.

62. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his protected group status (African-American) in violation of Title VII.

63. Defendant has a pattern and practice of using the performance appraisal procedures to deny African-American employees promotions and other employment opportunities on the basis of their race, in violation of Title VII.

64. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless the Court grants relief.

## VIII.

## THIRD CLAIM

### (UNLAWFUL DISCRIMINATION BASED ON DISABILITY)

65. Paragraphs 1 through 50 above are hereby incorporated by reference as though fully set forth in this claim.

66. Defendant DOD has unlawfully discriminated against Plaintiff WESLEY based on his disability in violation of Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended by the Americans With Disabilities Act.

67. Defendant DOD has a legal obligation to provide reasonable accommodation to employees who are disabled. An individual with a disability is defined as one who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment or (3) is regarded as having such an impairment. 29 C.F.R. § 1630.2(g).

68. Plaintiff WESLEY is and has been an individual with a disability at all times relevant to this action.

69. A qualified individual with a disability is an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the position she holds or desires, and who with or without reasonable accommodation, can perform the essential functions of the position. 29 C.F.R. § 1630.2(m).

70. Plaintiff WESLEY is and has been a qualified individual with a disability at all times relevant to this action.

71. Defendant DOD, through his agents, received Plaintiff WESLEY's request for reasonable accommodation.

72. Defendant DOD is an agency is required to make reasonable accommodations for the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship.

73. Defendant DOD, through his agents, refused to provide reasonable accommodation to Plaintiff WESLEY.

74. The reasonable accommodations requested by Plaintiff WESLEY would not cause an undue hardship to Defendant DOD.

75. Defendant DOD failed to engage in the interactive process after Plaintiff WESLEY provided them with the request for reasonable accommodation.

76. Defendant DOD, through his agents, engaged in conduct that constituted discrimination against Plaintiff WESLEY based on his disabilities and thereby created the intolerable working conditions.

77. Defendant DOD through his agents, wrongfully removed Plaintiff as a result of the failure to provide reasonable accommodation.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless the Court grants relief.

## X.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff WESLEY, respectfully prays that this Honorable Court grant the following relief:

1. Issue a permanent injunction:

    a. Requiring defendants to abolish discrimination;

    b. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    c. Requiring removal or demotion of all managers who have violated the agency's policies and failed to meet their legal responsibility to promptly investigate complaints or to take effective action to stop and deter prohibited personnel practices against employees;

    d. Establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    e. Creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    f. Requiring mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and,

    g. Eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal.

1     2.    Issue an order requiring Defendant to retroactively restore Plaintiff to one of the positions to which he was entitled by virtue of his qualifications, and expunge his personnel file of all negative documentation.

    3.    For such damages, including back pay, front pay and benefits, pre-judgment interest as plaintiff is entitled to under the ADEA, Title VII of the Civil Rights Act, and the Rehabilitation Act;

    4.    For other and further damages, including compensatory damages for plaintiff' emotional distress, as may be proven at trial;

    5.    For an order commanding defendants and each of them to cease and desist from any employment practice which discriminates against plaintiff or others on the basis of age, race, or disability against the person because he complained about such discrimination;

    6.    For an award of costs of suit including reasonable attorney's fees, including fees under 29 U.S.C. § 216(b); and

    7.    For such other and further relief as the Court may consider just and proper.

Respectfully submitted,

/s/ Electronic Signature Authorized

DATED: May 29, 2008    By: _____
MARY DRYOVAGE
Law Offices of Mary Dryovage

/s/ Electronic Signature Authorized

DATED: May 29, 2008    By: _____
WENDY MUSELL
Stewart & Musell

Attorneys for Plaintiff

*Wesley v. Gates*
Complaint - Employment Discrimination    Page 13

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial for each claim herein for which he has a right to a jury.

Respectfully submitted,

/s/ Electronic Signature Authorized

DATED: May 29, 2008          By: _____
                                  MARY DRYOVAGE
                                  Law Offices of Mary Dryovage


/s/ Electronic Signature Authorized

DATED: May 29, 2008          By: _____
                                  WENDY MUSELL
                                  Stewart & Musell

Attorneys for Plaintiff

|  |  |
|---|---|
| HILTON I. WESLEY,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY,<br><br>                Defendant. | Docket No.<br><br>**CERTIFICATE OF SERVICE** |

      I am a citizen of the United States and have an office in the County of San Francisco; I am over the age of eighteen years and not a party to the above-entitled action; my address is 600 Harrison Street, Suite 120, San Francisco, CA 94107.

      On May 29, 2008, I served the within COMPLAINT, SUMMONS, CIVIL COVER SHEET, on the parties in said action by MAILING a true copy thereof enclosed in a sealed envelope, first class postage fully prepaid to the following address:

ROBERT M. GATES, SECRETARY  
U.S. DEPARTMENT OF DEFENSE  
1000 Defense Pentagon  
Washington, DC 20301-1000      Certified Mail No. 7003 3110 0001 4475 5821

U. S. ATTORNEY GENERAL,  
U.S. DEPARTMENT OF JUSTICE,  
Main Building, Room 51  
10th and Constitution Ave. N.W.  
Washington, D.C. 20530      Certified Mail No.  7003 3110 0001 4475 5838

Assistant U.S. Attorney  
Civil Division  
450 Golden Gate Avenue  
San Francisco, CA 94102      via hand delivery

      I declare under penalty of perjury that the foregoing is true and correct and was executed on May 29, 2008 at San Francisco, California.

                                                                       _____