JOSEPH P. RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

450 Golden Gate Avenue, 9TH Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7181
Fax: (415) 436-6748
Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILTON I. WESLEY, | Case No. C 08 - 2719 SI |
| Plaintiff, | DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| v. | |
| ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE | |
| Defendant. | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

Defendant, ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, by and through his undersigned attorneys, hereby answer plaintiff's complaint ("Complaint") as follows.

## I.

## NATURE OF THE ACTION

1. Defendant admits plaintiff was at one time employed by the Department of Defense, Defense Contract Audit Agency. Defendant admits plaintiff has filed a lawsuit alleging age, race and disability discrimination. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 1 in the Complaint.

2. Defendant neither admits nor denies the legal allegations in paragraph 2 of the Complaint because it constitutes the legal basis for the Complaint and/or a legal conclusion as to which no answer is required. This paragraph also contains plaintiff's specific requests for relief; to the extent an answer is required for plaintiff's requests for relief, all such allegations are denied. Defendant further denies that it has committed prohibited personnel practices, policies, customs and usages, or discriminated against plaintiff and other employees of the DOD based on age, race and disability. Any such other allegations are expressly denied.

## II.

## JURISDICTION AND VENUE

3. Defendant neither admits nor denies the jurisdictional allegations in paragraph 3 of the Complaint because it constitutes the legal basis for the Complaint and/or a legal conclusion as to which no answer is required. Defendant denies it engaged in unlawful employment practices with regard to plaintiff.

## III.

## PLAINTIFF

4. Upon information and belief, Defendant admits plaintiff is a citizen of the United States. Defendant further admits that he was employed with the Defense Contract Audit Agency's Western Region beginning on or about September 21, 1987 until he was removed from service on February 6, 2006. Defendant further admits that at the time of his removal, plaintiff

was classified as an Auditor, GS-0511-11 in California.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 4 in the Complaint.

### IV.

### DEFENDANT

5.    Defendant admits that he is the Secretary of the U.S. Department of Defense and is head of an executive agency.  Defendant further admits that he has the responsibility for administration of all programs within the agency.  Defendant also admits that he is sued in his official capacity.  The remaining allegations are legal conclusions, as to which no response is required.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 5 in the Complaint.

### V.

### EXHAUSTION OF REMEDIES

6.    Defendant admits plaintiff filed an EEO Complaint alleging his removal was based on his age, race, disability and sex in February 2006, and that a Final Agency Decision on that complaint was issued on or about September 18, 2006.  Defendant further admits that he also filed an appeal with the United States Merit Systems Protection Board challenging his removal.  Defendant denies that any action of the Defendant by motion, response or otherwise, or ruling of the MSPB on any issue of discovery in the administrative proceeding, violated any applicable rule, regulation or law as alleged in this paragraph.  Defendant admits that an administrative hearing was conducted by MSPB Western Regional Office Chief Administrative Judge Army Dunning in 2007 and that the MSPB's initial decision was issued on or about November 14, 2007.  Defendant also admits that Plaintiff (then styled Appellant) thereafter filed a Petition for Review to MSPB, which petition was denied on or about April 30, 2008.  The date of the filing of the Complaint with this court appears on the face of the complaint and speaks for itself, requiring no further answer. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 6 in the Complaint.

### VI.

### STATEMENT OF FACTS

7.      Defendant admits, upon information and belief, that plaintiff is African-American, and that his date of birth is believed to be July 26, 1951.  Defendant further admits that plaintiff claims disabilities involving heart and renal conditions, but it is denied that plaintiff was at any period relevant to this Complaint a qualified individual with a disability pursuant to applicable law.  Because plaintiff's membership in any "protected group" is a question of law at issue in this Complaint, no further answer is required.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 7 in the Complaint.

8.      Defendant admits that Plaintiff appealed the initial decision of the MSPB.  Whether plaintiff exhausted his administrative remedies is a question of law, upon which plaintiff bears the burden of proof in this Complaint, and no further answer is required.  Except as so expressly admitted,  Defendant denies each and every allegation of paragraph 8 in the Complaint.

9.      Defendant admits plaintiff was employed with the Defense Contract Audit Agency's Western Region beginning on or about September 21, 1987 until he was removed from service on February 6, 2006.  Defendant further admits that at the time of his removal, plaintiff was classified as an Auditor, GS-0511-11.  Except as so expressly admitted, Defendant denies each and every allegation of paragraph 9 in the Complaint.

10.     Defendant admits that during his tenure with the Defendant, at regular intervals, plaintiff was issued and acknowledged receipt of a position description for his position as Auditor GS-0511-11.  The entire position description contains many descriptions of various duties and that document speaks for itself.  Thus, no further answer is required.

11.     Defendant admits that plaintiff was rated under a performance evaluation system that rated all similarly situated Auditors in the DCAA Western Region as "Outstanding, "Exceeds," "Fully Successful," "Minimally Successful," and "Unacceptable."  Except as expressly admitted, Defendants denies each and every allegation of paragraph 11 of the Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the allegations of paragraph 12 of the Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the allegations of paragraph 13 of the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

3

14. Defendant admits that Plaintiff was assigned to work at the Lockheed Martin Branch of the East Bay Branch Office during his employment with Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that he had no performance problems between 1999 and 2003, and on that basis, denies those allegations of paragraph 14 of the Complaint. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was assigned to work at the East Bay Branch Office during his employment with Defendant. Defendant denies that plaintiff was subjected to any form of harassment by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the relative state of plaintiff's health at the time stated in this paragraph of the Complaint, and on that basis, denies those allegations of paragraph 15 of the Complaint. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 15 of the Complaint.

16. Defendant admits plaintiff received a summary rating of "Fully Successful" in or about May 2004 and that he was not rated "Unacceptable" in any of the critical elements of his position. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the allegations of paragraph 16 of the Complaint. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 16 of the Complaint.

17. Defendant admits Plaintiff was placed on a Performance Improvement Plan for the period of approximately November 24, 2004 to March 31, 2005 by his supervisor, Doris White. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that throughout plaintiff's entire employment he was to turn in his assignments to a desk, that plaintiff routinely submitted his assignments five days before the due date and that assignment were not returned to him timely, and on that basis, denies these allegations. Defendant admits that at various times during his employment, plaintiff turned in assignments

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI
4

late. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 18 of the Complaint.

19. Defendant admits that at some point during his employment, Plaintiff was charged with submitting assignments late. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that electronic data showed plaintiff turned in each and every assignment timely throughout his entire employment, and on that basis, denies such allegations. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 19 of the Complaint.

20. Defendant admits that plaintiff was notified on or about May 4, 2005 that he had completed his Performance Improvement Plan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the allegations of paragraph 20 of the Complaint. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 20 of the Complaint.

21. Defendant admits that plaintiff was notified in writing on or about May 4, 2005 that he had completed his Performance Improvement Plan. Except as so expressly admitted, Defendant denies each and every allegation of paragraph 21 of the Complaint.

22. Defendant admits that it proposed to remove plaintiff from his position for performance problems. Except as so admitted, defendant denies each and every allegation of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the allegations of paragraph 24 of the Complaint.

25. Defendant admits plaintiff responded to the proposed removal to Mr. Steven Paul in writing; such writing speaks for itself and requires no further response.

26. Defendant admits that Hayes discussed plaintiff with Steven Paul. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the allegations of paragraph 26 of the Complaint.

27. Defendant admits that Hayes sent Wesley a written request for information regarding

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

5

1  his claimed medical condition and any request for accommodation.  Except as so admitted,
2  defendant denies each and every allegation of paragraph 27 of the Complaint.
3  28.    Defendant admits that Defendant received and acknowledged that plaintiff provided
4  information concerning his alleged medical conditions.  Defendant is without knowledge or
5  information sufficient to form a belief as to the truth of the remaining allegations, and on that
6  basis, denies the allegations of paragraph 28 of the Complaint.
7  29.    Defendant admits the allegations contained in paragraph 29 of the Complaint.
8  30.    Defendant admits that on or about January 24, 2006, Defendant cancelled the issued
9  decision to remove plaintiff from his position  in order to provide plaintiff additional time to
10 submit previously requested medical documentation.  Except as so expressly admitted, Defendant
11 denies each and every allegation of paragraph 30 of the Complaint.
12 31.    Defendant admits plaintiff provided Defendant with medical documentation and requests
13 for various modifications of the conditions and duties of his position, which submission was in
14 writing and speaks for itself.  Defendant further admits that plaintiff sought among such measures
15 those similar to those listed in (1)-(3) of this paragraph.  Except as so expressly admitted,
16 Defendant denies each and every allegation of paragraph 31 of the Complaint.
17 32.    Defendant admits that Defense Contract Audit Agency Manual (DCAAM) 1400.1,
18 Personnel Management Manual (PMM), Chapter 69, Reasonable Accommodation of Disabilities,
19 Section 1-3(m) defines reassignment as a form of reasonable accommodation.  That document is
20 an official DCAA publication and speaks for itself; no further response is required.
21 33.    Defendant denies that plaintiff was a qualified individual with a disability entitled to
22 accommodations under applicable law.  Defendant admits plaintiff was removed from his position
23 effective February 6, 2006. Except as so expressly admitted, defendant denies each and every
24 allegation of paragraph 33 of the Complaint.
25 34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of
26 the allegations, and on that basis, denies the allegations of paragraph 34 of the Complaint.
27 35.    Defendant denies that plaintiff was a qualified individual with a disability entitled to
28 accommodations under applicable law.  Defendant is without knowledge or information sufficient

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

1  to admit or deny if Mr. Paul stated the quoted language, and on that basis, denies such allegations.
2  Except as so admitted, defendant denies each and every allegation of paragraph 35 of the
3  Complaint.
4  36.    Defendant denies the allegations contained in paragraph 36 of the Complaint.
5  37.    Defendant denies the allegations contained in paragraph 37 of the Complaint that
6  Defendant was aware of plaintiff's claimed disability and requests for accommodation at any time
7  prior to the completion of his Performance Improvement Plan and proposal to remove him for
8  performance reasons.
9  38.    Defendant denies the allegations contained in paragraph 38 of the Complaint.
10 39.    Defendant denies the allegations contained in paragraph 39 of the Complaint.
11 40.    Defendant denies the allegations contained in paragraph 40 of the Complaint.
12 41.    Defendant admits that Mr. Brown, who on information and belief is African American, is
13 a former DCAA GS-0511-12 Senior Auditor placed on a performance improvement plan and
14 completed it.  Defendant is without knowledge or information sufficient to form a belief as to the
15 truth of the allegations regarding Mr. Brown's alleged physical disability, and on that basis, denies
16 the allegations of paragraph 41 of the Complaint.  Except as so expressly admitted, Defendant
17 denies each and every allegation of paragraph 41 of the Complaint.
18 42.    Upon information and belief, it is believed that Mr. Brown's immediate supervisor was
19 aware that Brown had a medical condition involving his kidneys and that Brown was permitted to
20 telecommute.  Except as so expressly admitted, Defendant denies each and every allegation of
21 paragraph 42 of the Complaint.
22 43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of
23 the allegations, and on that basis, denies the allegations of paragraph 43 of the Complaint.
24 44.    Defendant admits that Mr. Brown was removed from his position for performance
25 reasons on or about February 24, 2006.  Except as so expressly admitted, Defendant denies each
26 and every allegation of paragraph 44 of the Complaint.
27 45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of
28 the allegations, and on that basis, denies the allegations of paragraph 45 of the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the allegations of paragraph 46 of the Complaint.

47. Defendant admits plaintiff applied for and received upon the approval of the Office of Personnel Management (OPM) a disability retirement annuity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

## VII.

## **FIRST CLAIM**

51. Defendant incorporates herein by reference the responses to paragraphs 1-50 above.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant admits, upon information and belief, that plaintiff's date of birth is believed to be July 26, 1951. Because plaintiff's membership in any "protected group" is a question of law at issue in this Complaint, no further answer is required.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

## VIII.

## **SECOND CLAIM**

58. Defendant incorporates herein by reference the responses to paragraphs 1-50 above.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant admits, upon information and belief, that plaintiff is African American. Because plaintiff's membership in any "protected group" is a question of law at issue in this Complaint, no further answer is required.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

1  62. Defendant denies the allegations contained in paragraph 62 of the Complaint.
2  63. Defendant denies the allegations contained in paragraph 63 of the Complaint.
3  64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

## IX.

## THIRD CLAIM

65. Defendant incorporates herein by reference the responses to paragraphs 1-50 above.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant neither admits nor denies the allegations in paragraph 67 of the Complaint because it constitutes a legal conclusion as to which no answer is required.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant neither admits nor denies the allegations in paragraph 69 of the Complaint because it constitutes a legal conclusion as to which no answer is required.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant admits plaintiff requested accommodations. Except as so admitted, Defendant denies each and every allegation of paragraph 71 of the Complaint.

72. Defendant neither admits nor denies the allegations in paragraph 72 of the Complaint because it constitutes a legal conclusion as to which no answer is required.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

## X.

## PRAYER FOR RELIEF

Defendant denies plaintiff is entitled to relief and denies all allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction over plaintiff's claims to the extent plaintiff has failed to satisfy jurisdictional requirements or prerequisites to suit.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination.

### FOURTH AFFIRMATIVE DEFENSE

All actions being challenged by plaintiff were taken for legitimate, non-discriminatory and non-pretextual reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any, and any recovery or award should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, may be barred by the doctrine of unclean hands, laches, waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed to the extent he did not seek counseling within 45 days of the allegedly discriminatory behavior.

### NINTH AFFIRMATIVE DEFENSE

Even if plaintiff could establish liability (which defendant denies), defendant cannot be held liable because defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant, or to otherwise avoid harm.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not disabled within the meaning of the Rehabilitation Act or substantially limited in a major life activity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims should be dismissed to the extent he failed to exhaust his administrative remedies, prerequisites to suit, conditions to suit, and jurisdictional requirements.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant was fully justified, and exercised reasonable care, prudence, skill and business judgment with respect to plaintiff, and that any decisions made with respect to plaintiff were made without regard to plaintiff's race, age, or alleged disability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

No conduct by or attributable to defendants was the cause in fact or legal cause of the damages, if any, suffered by plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent plaintiff requested any accommodation, such accommodations did not constitute "reasonable accommodations" and would have created an "undue hardship" to Defendant had the requested accommodations been implemented.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not a qualified individual with a disability or otherwise qualified.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff could not be reasonably accommodated.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims cannot be litigated to the extent they are beyond the scope of Plaintiff's administrative charge, were not subject to administrative investigatory or conciliation processes, and/or were not included in any determination by the appropriate administrative agency

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

or board.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because plaintiff ratified and/or consented to any conduct attributable to Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he engaged in any fraud or misconduct that, if known, would have caused plaintiff to not be hired or caused plaintiff to be terminated.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Each of plaintiff's claims set forth in the Complaint is barred because Defendant had good cause for its conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant alleges upon information and belief that plaintiff has waived and/or is equitably estopped from asserting the claims alleged in his Complaint to the extent plaintiff has, by his own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of which plaintiff now complains.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off against any award of damages to plaintiff in this action of any outstanding debt or obligation of plaintiff to the United States or any federal agency, and of any workers' compensation, unemployment, and/or benefits that plaintiff receives or has received for injuries or damages alleged in the Complaint.

Defendant has insufficient knowledge or information on which to form a belief as to whether Defendant has any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

//
//
//
//

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant, that the Complaint be dismissed, and that the Defendant is granted such other and further relief as the Court may deem just and proper, including recovery of all costs of suit and appropriate fees.

DATED: July 29, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


                                        /s/

                                        VICTORIA R. CARRADERO
                                        Assistant United States Attorney

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT- Case No. C 08 - 2719 SI

13