**United States District Court**
For the Northern District of California

1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    HILTON I. WESLEY,                        No. C 08-2719 SI

9            Plaintiff,                       **ORDER RE: VARIOUS DISCOVERY MOTIONS**

10      v.

11   ROBERT M. GATES,

12           Defendant.
                                          /
13

14        Between May 28 and July 1, the parties flooded the Court with letter briefs and declarations

15   concerning a plethora of discovery disputes.[1]  It is clear that discovery has become highly contentious.

16   It also appears that there has been a near total breakdown in the meet and confer process, as counsel

17   assert in various letters that they have filed at least some of the instant discovery motions after not

18   receiving a response to a meet and confer proposal.  Counsel accuse each other of discovery misconduct

19   and of reneging on previous agreements reached in the meet and confer process, and there are

20   suggestions that at some point counsel stopped talking to one another and communicated only by written

21   correspondence.[2]  Counsel are reminded to conduct themselves with the professionalism and civility

22

23            [1] The parties' discovery papers are found from Docket Nos. 48-97 and 115-124.

24            [2] Counsel are reminded that the local rules require that meet and confer sessions be conducted
25   either over the telephone or in person.  Local Civil Rule 37-1 provides that the Court "will not entertain
     a request or a previously conferred for the purpose of attempting to resolve all disputed issues."  *See*
26   Civ. Local R. 37.  To "'meet and confer' or 'confer' means to communicate directly and discuss in good
     faith the issue(s) required under the particular Rule or order . . . . [S]uch communication may take place
27   by telephone.  The mere sending of a written, electronic, or voice-mail communication, however, does
     not satisfy a requirement to 'meet and confer' or to 'confer.'  Rather, this requirement can be satisfied
28   only through direct dialogue and discussion – either in a face to face meeting or in a telephone
     conversation."  *See* Civ. Local R. 1-5(n).

required of them as members of the court.

It is the Court's view that a further in-person meet and confer is required and may resolve some, if not all, of the parties' current disputes.  The Court orders counsel to meet in person no later than **July 10, 2009,** and to make a good faith attempt to resolve each dispute.  If any disputes remain, the parties shall file no later than **July 15, 2009** a **single joint** letter, no longer than ten pages, which outlines each party's legal positions.[3]  To the extent the parties wish to refer to exhibits previously submitted, they may do so.

The Court makes the following rulings regarding plaintiff's motion to quash the subpoena issued to DJI Consulting, Inc. and defendant's motion to compel the authorization of release of plaintiff's SSA and EDD records.

## I.      Plaintiff's motion to quash defendant's subpoena of DJI Consulting, Inc. and for protective order

Plaintiff has moved to quash a subpoena duces tecum and to prevent defendant from taking a Rule 30(b)(6) deposition of DJI Consulting, Inc., a third party.  DJI Consulting is operated by plaintiff and has no employees other than plaintiff.  Plaintiff asserts that defendant is impermissibly trying to take a second deposition of plaintiff, while defendant contends that the deposition is necessary to obtain mitigation and damages information that has not otherwise been forthcoming.

The Court finds that defendant is entitled to take the Rule 30(b)(6) of DJI Consulting, Inc. because "the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ .P. 30(b)(6) are presumptively subject to independent seven-hour time limits." *Sabre v. First Dominion Capital, LLC*, No. 01-CIV-5145-BSJHBP, 2001 WL 1590544, at *1-2 (S.D.N.Y. Dec. 12, 2001). Accordingly, plaintiff's motion to quash the subpoena served on DJI Consulting, Inc. is DENIED. Dkt.

---

[3] The Court is not interested in the parties' competing versions of the history of discovery in this case.  The parties are instructed to file a single joint letter because the parties' lengthy oppositions and replies on each discovery dispute have presented the Court with a moving target that is not helpful to resolving any dispute.

No. 48.[4]

**II.      Defendant's motion to compel authorization of release of SSA and EDD records**

The Court agrees with defendant that plaintiff's records at both the Social Security Administration ("SSA") and California's Employment Development Department ("EDD") are relevant to plaintiff's disability discrimination claims. *See Fredenburg v. Contra Costa County Dept. of Health Servs.*, 172 F.3d 1176, 1181 (9th Cir. 1999); *Johnson v. Oregon*, 141 F.3d 1361, 1368-70 (9th Cir. 1998). Furthermore, the Court may order plaintiff to sign the required authorization releasing the SSA and EDD records. *See Santillan v. City of Reedley*, No. 07-391-AWI, 2008 WL 62180 (E.D. Cal. Jan. 4, 2008); *Puckett v. Dyer*, 05-277-OWW, 2007 WL 2462162 (E.D. Cal. Aug. 29, 2007). Accordingly, the Court GRANTS defendant's motions to compel plaintiff's authorization of release of his SSA records, Dkt. No. 75, and defendant's motion to compel plaintiff to produce outstanding discovery is GRANTED in part to require plaintiff's authorization of release of his EDD records. Dkt. No. 81. Plaintiff will provide the required authorization forms to defendant no later than **July 9, 2009**. Any documents that are received from either the SSA or EDD will be subject to the protective order in place in this case.

**IT IS SO ORDERED.**

Dated: July 2, 2009

_____
SUSAN ILLSTON
United States District Judge

---

[4] Of course, the parties may be able to obviate the need for the Rule 30(b)(6) deposition in the meet and confer process.

United States District Court
For the Northern District of California