1  MARY DRYOVAGE, (CA SBN 112551)
   Law Offices of Mary Dryovage
2       600 Harrison Street, Suite 120,
        San Francisco, CA 94107
3       Telephone: 415 593-0095
        Fax. 415 593-0096
4       Email: mdryovage@igc.org

5  WENDY MUSELL (CA SBN 203507)
   Stewart & Musell
6       600 Harrison Street, Suite 120
        San Francisco, CA 94107
7       Telephone: 415/593-0083
        Fax: 415/520-0920,
8       Email: wmusell@stewartandmusell.com

9  Attorneys for Plaintiff

10 JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
11 JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
12 VICTORIA CARRADERO (SBN 217885)
   Assistant United States Attorney
13 MICHAEL T. PYLE (SBN 172954)
   Assistant United States Attorney
14
        450 Golden Gate Avenue, Box 36055
15      San Francisco, CA 94102-3495
        Telephone: 415 436-7181
16      Fax: 415 436-6748
        Email: Victoria.Carradero@usdoj.gov
17
   Attorneys for Defendant

18
                        UNITED STATES DISTRICT COURT
19
                       NORTHERN DISTRICT OF CALIFORNIA
20
                              SAN FRANCISCO DIVISION
21

22 | HILTON I. WESLEY,                              | Docket No. C-08-2719 SI
23 |                   Plaintiff,                   | E-FILING CASE
24 | v.
25 | ROBERT M. GATES, SECRETARY OF                  | **STIPULATION AND [PROPOSED]**
   | THE U.S. DEPARTMENT OF DEFENSE,                | **ORDER TO REGARDING DISCOVERY**
26 | DEFENSE CONTRACT AUDIT AGENCY,                 | **DISPUTES**
27 |                   Defendant.

28

---

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
*Wesley v. Gates,* No. C-08-2719 SI                                          Page 1

1    Plaintiff and Defendant, by and through their undersigned attorneys, hereby enter into
2  the following stipulation and request its approval by the Court.
3    WHEREAS the parties had various discovery disputes.
4    WHEREAS the court ordered the parties to further meet and confer.
5    WHEREAS the parties were able to resolve the below items.
6    ACCORDINGLY, the parties hereby agree as follows:

**Plaintiff's Initial Disclosures and Damages Discovery Responses to Defendant's Interrogatory Nos. 2 and 3:**

Plaintiff will provide further information regarding the areas of knowledge of each person listed, update the list of persons with knowledge, and for those former employees of DCAA and Plaintiff's family members, to provide last known contact information. Plaintiff will supplement this information to the same extent that he requested Defendant.

Plaintiff will provide further information regarding damages, including the calculation of such damages, for each and every category claimed and will correct current errors in the damages calculations (*e.g.*, front pay v. back pay, no amounts listed for retirement). To the extent Plaintiff does not seek any monetary amount for any particular category, he will so specify. Where Plaintiff claims in good faith that a calculation is not possible and can never be provided to neither the court nor counsel, Plaintiff will so state with a detailed explanation and reasoning. Plaintiff agrees that for any response it deems to not comply with the parties' agreement, Defendant may move in limine or move to strike the particular damage claim. Both parties reserve objections and arguments.

**EDD and SSA Information (Document Requests Nos. 35, 36, 48, 50)**

In light of the Court's prior order related to discovery of EDD and SSA records of Plaintiff, Plaintiff will produce all EDD and SSA records in his possession, custody and control

**Verifications**

Plaintiff will provide any missing verifications for any interrogatory responses. Plaintiff and his counsel will also conduct another search to ensure that all information relevant to Defendant's discovery requests (including but not limited to Defendant's Document Request

Nos. 2, 3, 7, 8, 16, 36, 48-50) in Plaintiff's (including his counsel's) possession, custody and/or control is produced and will provide a written verification(s) based on personal knowledge under penalty of perjury that all such information has been produced.

**Privilege Log**

Plaintiff will produce a supplemental privilege log, if necessary.

**Interrogatory No. 5**

Plaintiff will supplement this request to provide all responsive information regarding the employment history of Plaintiff post removal from his position at DCAA.

**Request for Admissions, Authentication of Documents**

Plaintiff will provide a complete response to Request for Admissions Nos. 98-102 either admitting or denying the request, after making a reasonable inquiry. If after a diligent inquiry Plaintiff cannot admit that a particular document is genuine, he will provide a complete response to Interrogatory Requests 10-13 regarding authentication.

**Interrogatory Request 7**

Plaintiff will provide a complete response to this request regarding efforts to obtain employment from November 2005 to the present.

**Interrogatory No. 8**

Plaintiff will provide a complete response to this request regarding documents that support his claims of discrimination.

**Interrogatory No. 9**

Plaintiff will provide a complete response to this request to provide the consulting projects obtained by DJI Consulting. To the extent any proprietary information would be disclosed, it will be subject to the parties' protective order in this matter.

**Interrogatory No. 17**

Plaintiff will provide a complete response regarding facts in support of his complaint.

**Interrogatory Request Nos. 18-20**

Plaintiff will provide a complete response to these requests which seek all sources of income, benefits received, and efforts to secure work.

**Interrogatory Request Nos. 21**

Plaintiff will provide a complete response to these requests identifying all time periods he was unavailable or unable to accept employment. Plaintiff will not list medical appointment dates unless he claims such information is not contained in his doctor's records produced to Defendant.

**Defendant's Initial Disclosures**

Defendant will provide further information regarding the areas of knowledge of each person listed regarding EEO and Human Resources policies and procedures, update the list of persons with knowledge, and for those employees whom DCAA does not have the permission to disclose personal residential address or telephone number, will provide last known business contact information.

**Documents in Native Form**

Defendant will reproduce in "read only" form the official APPS work paper packages of all assignments that resulted in Plaintiff's placement on a PIP in November 2004 (specifically, all assignments listed in the Notice of PIP) and his ultimate termination in February 2006 (specifically, all assignments listed in the February 2006 Notice of Final Decision on Removal) in native form (*e.g.*, excel, word, pdf). Such data will be designated CONFIDENTIAL pursuant to the parties' protective order. Each party will designate with specificity any documents from this reproduced data to be used at trial for any purpose. Specificity includes complete identification of the assignment, workpaper package, name and date of the document from the index, and the CD from which it came from.

**Document Request Nos. 18 (policies on race discrimination, race harassment or retaliation), 19 (policies on termination and discipline), 20 (policies on discrimination and harassment), 21 (policies on reasonable accommodation), 23 (policies on discipline/discharge), 24 (Plaintiff's EEO investigation), 57 (policies on age discrimination).**

1    Defendant will confirm that any regional policies and procedures responsive to these
2 requests have been or will be produced.

3 **Document Request Nos. 14, 16 an 17**

4    Plaintiff will provide Defendant with the specific sections of the hardcopy CAM
5 manuals that he is seeking, based on the testimony of Defendant's 30(b)(6) witness on the
6 documents that set forth the rules and procedures for providing draft audit reports. Defendant
7 will review the sections and, if reasonable, will provide photocopies of the sections. If
8 Defendant does not agree to produce the photocopies, Defendant will make the manuals
9 available for inspection at an agreed upon time, place and location.

10 **Document Request No. 22**

11    Defendant will verify that any non-privileged non-work product written statements in
12 its possession, custody or control that discuss Plaintiff's EEO claims of discrimination,
13 November 2004 PIP and termination from the Agency that are available from specific readily
14 available sources (*e.g.*, Human Resources emails, White's email, White's U drive, and not the
15 LAN disaster recovery back up tape) have been produced.

16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  **Defendant's Privilege Log**

2      Defendant will amend its privilege log to specify that it is withholding the personnel
3  files of Doris White, James Hayes and Steven Paul and any EEO Complaints on the grounds of
4  privacy.

5

6                                      Respectfully submitted,

7  DATED: July 29, 2009
8                                      _____/s/_____
                                        WENDY MUSELL
9                                       Stewart & Musell
                                        Attorneys for Plaintiff
10

11                                      JOSEPH P. RUSSONIELLO
                                        United States Attorney
12

13 DATED: July 29, 2009                 _____/s/_____
                                        VICTORIA CARRADERO
14                                      Assistant U.S. Attorney
                                        Attorneys for Defendant
15

16
   Pursuant to Stipulation, **IT IS SO ORDERED**.   Each party shall comply with each of the
17
   respective discovery issues set forth above that are applicable to them by no later than
18
   **AUGUST 21, 2009.**
19

20 DATED:_____                _____
21                                      The Honorable Susan Illston
                                        United States District Court Judge
22

23

24

25

26

27

28