1  MARY DRYOVAGE, (CA SBN 112551)
   Law Offices of Mary Dryovage
2       600 Harrison Street, Suite 120,
        San Francisco, CA 94107
3       Telephone: 415 593-0095
        Fax. 415 593-0096
4       Email: mdryovage@igc.org

5  WENDY MUSELL (CA SBN 203507)
   Stewart & Musell
6       600 Harrison Street, Suite 120
        San Francisco, CA 94107
7       Telephone: 415/593-0083
        Fax: 415/520-0920,
8       Email: wmusell@stewartandmusell.com

9  Attorneys for Plaintiff

10 JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
11 JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
12 VICTORIA CARRADERO (SBN 217885)
   Assistant United States Attorney
13 MICHAEL T. PYLE (SBN 172954)
   Assistant United States Attorney
14
        450 Golden Gate Avenue, Box 36055
15      San Francisco, CA 94102-3495
        Telephone: 415 436-7181
16      Fax: 415 436-6748
        Email: Victoria.Carradero@usdoj.gov
17
   Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILTON I. WESLEY, | Docket No. C-08-2719 SI (MEJ) |
| Plaintiff, | E-FILING CASE |
| v. | |
| ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY, | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| Defendant. | |

1. Plaintiff HILTON I. WESLEY ("Plaintiff") and Defendant, ROBERT M. GATES, Secretary of the U.S. Department of Defense, Defense Contract Audit Agency ("Defendant" or "the Agency"), hereby enter into this Settlement Agreement ("the Agreement") as follows:

2. The parties hereby agree to settle and compromise the case of *Hilton I. Wesley v. Robert M. Gates, Secretary*, U.S. Department of Defense, Defense Contract Audit Agency, United States District Court for the Northern District of California, Case Number 08-2719 SI (the "Lawsuit"), under the terms and conditions set forth herein.

3. In consideration of this Agreement, Defendant agrees to pay Plaintiff and his counsel the total sum of $82,500.00 (Eighty-Two-Thousand-Five-Hundred-Dollars-And-No-Cents) (the "Settlement Amount") (broken down as follows: the total sum of $7,500.00 (Seven-Thousand-Five-Hundred-Dollars-And-No-Cents) to Plaintiff and the total sum of $75,000.00 (Seventy-Five-Thousand-Dollars-And-No-Cents) to his counsel Mary Dryovage and Wendy Musell) in full and final settlement and satisfaction of any and all obligations, claims, demands, rights, damages, liabilities and causes of action of any kind and nature whatsoever, which have been or could have been raised in this Lawsuit, any and all Equal Employment Opportunity ("EEO") Complaints and Merit Systems Protection Board ("MSPB") appeals past or present, that Plaintiff has ever filed or has currently pending, or any union grievances filed on his behalf, arising from and by reason of Plaintiff's employment with the U.S. Department of Defense, Defense Contract Audit Agency ("the Agency") and resulting from the facts, circumstances and subject matter that gave rise to this Lawsuit, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown foreseen, or unforeseen injuries, and the consequences thereof, including, but not limited to, any and all claims of discrimination, failure to provide reasonable accommodation, harassment, hostile work environment, retaliation, leave issues, emotional distress, loss of consortium, defamation, slander, any and all claims asserted by Plaintiff in each and every grievance, informal or formal EEO Complaint filed, or any and all claims that could have been asserted in the Lawsuit or EEO process, union grievance process, or during the time of Plaintiff's employment with the Agency, for which Plaintiff and his heirs, executors,

1 administrators, or assigns, and each of them, now have or may hereafter acquire against
2 Defendant, the Agency, past and present agents, attorneys, officials, servants, or employees.
3     4.     In consideration of the Settlement Amount, Plaintiff hereby releases and forever
4 discharges the Defendant, the Agency and any and all of its past and present officials,
5 directors, employees, agents attorneys, successors, and assigns from any and all obligations,
6 claims, demands, rights, damages, liabilities, and causes of action of any kind and nature
7 whatsoever, which have been or could have been raised in the Lawsuit, any and all EEO
8 Complaints or MSPB appeals past or present, that Plaintiff has ever filed or has currently
9 pending, or any union grievances filed on his behalf, arising from and by reason of Plaintiff's
10 employment with the Agency and resulting from the facts, circumstances and subject matter
11 that gave rise to this Lawsuit, whether suspected or unsuspected, arising in law or equity,
12 arising from or by reason of any and all known, unknown foreseen, or unforeseen injuries, and
13 the consequences thereof, including, but not limited to, any and all claims of discrimination,
14 failure to provide reasonable accommodation, harassment, retaliation, leave issues, emotional
15 distress, loss of consortium, defamation, slander, any and all claims asserted by Plaintiff in
16 each and every grievance, informal or formal EEO Complaint, or MSPB appeal, and any and
17 all claims that could have been asserted in the Lawsuit or EEO process, union grievance
18 process, or during the time of Plaintiff's employment with the Agency through the date of
19 Plaintiff's execution of this Agreement. In consideration of the Settlement Amount, Plaintiff
20 further agrees that he may not and will not use or rely on the allegations, incidents and actions
21 underlying the Lawsuit or the underlying EEO Complaints in any other administrative
22 proceedings, state court action or federal court action to prove released claims of
23 discrimination, failure to provide reasonable accommodation, harassment, hostile work
24 environment or retaliation, or as background or history to any such claims that he alleges
25 existed through the date of Plaintiff's execution of this Agreement. Nothing in this paragraph
26 shall be intended to prohibit Plaintiff from testifying in response to a subpoena or other legal
27 process.
28     5.     The parties expressly acknowledge that neither this Agreement nor anything contained

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
*Wesley v. Gates*, No. C-08-2719 SI     Page 3

herein shall constitute an admission of liability, fault or wrongdoing, or violation of law, rules or regulations on the part of Defendant, the Agency, past and present agents, attorneys, officials, servants, or employees. The parties expressly agree that this Agreement is entered into by and between the parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

6.  This Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this Agreement.

7.  The Settlement Amount represents the entire dollar amount of the compromised settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by Plaintiff will be paid out of the Settlement Amount and not in addition thereto. Plaintiff and his counsel expressly agree that neither he nor any of his current or former attorneys may make any claim for attorneys' fees or other costs against Defendant, the Agency, the United States, their agents, servants, or employees.

8.  Payment of the Settlement Amount will be made by check. As set forth above in paragraph 3, one check shall be made payable to Hilton Wesley in the amount of $7,500.00 (Seven-Thousand-Five-Hundred-Dollars-And-No-Cents) and one check shall be made jointly payable to the client trust account of Mary Dryovage and Wendy Musell in the total sum of $75,000.00 (Seventy-Five-Thousand-Dollars-And-No-Cents). If any withholding or income tax liability is imposed upon Plaintiff or his counsel based on payment of the settlement sum as set forth herein, Plaintiff and his counsel shall be solely responsible for paying any such liability. Plaintiff and his attorneys will indemnify and hold harmless the Defendant and the Agency from any liability the Defendant or the Agency may incur from any government agency arising out of any failure by Plaintiff or his counsel to pay any tax liability he might be responsible for from any government agency. Plaintiff's counsel agrees to provide the necessary information, such as Tax I.D. and banking information, for payment of the Settlement Amount and complete the required standard forms and return them to Defendant's counsel within three (3) business days of execution by Plaintiff of this Agreement.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
*Wesley v. Gates*, No. C-08-2719 SI                                                                                   Page 4

9.    In consideration of payment of the Settlement Amount, Plaintiff agrees that he will immediately upon execution of this Agreement, execute a Stipulation of Dismissal attached hereto as **Exhibit A**, which stipulation shall dismiss with prejudice all claims asserted in the Lawsuit and any claims that could have been asserted in the Lawsuit. The fully executed stipulation of dismissal will be delivered to Defendant's counsel within three (3) business days of execution of this Agreement and will be held by Defendant's counsel and filed with the Court upon notification to Plaintiff's counsel that the Agency's request to make payment has been made.

10.    The agency shall rescind its removal action, and substitute a resignation as the basis for Plaintiff's separation from the Agency. Plaintiff shall sign and return to the Agency within five (5) business days of receipt, the prepared SF-52 (Request for Personnel Action) furnished to him stating that the resignation is for personal reasons. No other comments shall be added. The resignation shall be effective as of the original date of his separation from employment. Upon receipt, the Agency shall submit the SF-52 to the Defense Finance and Accounting Service ("DFAS"), who will produce a corrected SF-50 (Notice of Personnel Action) to reflect that the personnel action effecting his separation was a resignation. The Agency will request that DFAS remove from Plaintiff's OPF the SF-50 and SF-52 reflecting Plaintiff's termination in February 2006 and the Annual Performance Appraisals rating Plaintiff Minimally Successful dated May 2004 and May 2005. The Agency will request written confirmation that the acts set forth in this paragraph to be done by DFAS have been effectuated. The Agency will provide Plaintiff's counsel with written confirmation of the same.

11.    For a period of seven years (7) commencing from the Effective Date of this Agreement, as defined below in paragraph 23, Plaintiff will direct prospective employers to contact the Chief of Human Resources or her designee, in writing or by telephone at:

>    Chief, Human Resources
>    DCAA Western Region
>    16700 Valley View Ave., Suite 300
>    La Mirada, CA 90639-5833
>    Telephone: 714-228-7000

If so contacted, the Chief of that office, or her designee, shall provide to the prospective

employer a neutral reference, which shall consist only of the following information: confirmation that the Plaintiff was an employee of the Agency; the dates of his service with the Agency; and that the Plaintiff resigned. For written references, the Human Resources Specialist or her designee will provide no more than a copy of the SF-50 reflecting Plaintiff's resignation from the Agency. Only if required by law may the Agency disclose information about Plaintiff's employment.

12. Plaintiff has been informed that the payment of the Settlement Amount may take up to 120 days from the Effective Date of the Agreement, as defined below in paragraph 23, to process, but Defendant agrees to make good faith efforts to expeditiously process the payment.

13. Plaintiff agrees not to apply for or accept any employment with DCAA. Plaintiff agrees that if Plaintiff is incidentally hired by the Agency, his offer of employment may properly be rescinded or employment may be properly terminated on the basis of this Agreement.

14. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the settlement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging breach of this Agreement.

15. In consideration of payment of the Settlement Amount and this Agreement, Plaintiff hereby releases and forever discharges Defendant, the Agency, and any and all past and present officials, employees, agents, attorneys, servants, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit and the underlying EEO Complaints or that could have been alleged in the Lawsuit or the EEO Complaints.

16. California Civil Code Section 1542 provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Plaintiff, having been apprised of that statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning his employment and the liability of the Defendant, the Agency, past and present agents, attorneys, officials, servants, or employees for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

17. Each party acknowledges that it has been represented by and has relied upon independent counsel in negotiating, preparing and entering into this Agreement and that it has had the contents of this Agreement fully explained by counsel and that it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Agreement.

18. If any provision of this Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranty or representation has been made on any subject other than as set forth in this Agreement.

20. This Agreement may not be altered, modified, amended, or otherwise changed in any

respect except by writing, duly executed by all parties and their authorized representatives.

21. Plaintiff acknowledges that he has read this entire Agreement, and that he understands the Agreement and each of the provisions of the Agreement. Plaintiff acknowledges that his consent to the terms of this Agreement is knowing and voluntary.

22. Under the Older Workers Benefit Protection Act, Plaintiff acknowledges that he has up to twenty-one (21) calendar days from the date he receives this Agreement to review and consider this Agreement, discuss it with an attorney of his own choosing, and decide to sign it or not sign it, although he may accept and return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is advised to consult his attorney about the Agreement.

23. Once Plaintiff signs and dates this Agreement, he will have seven (7) days from the date he signs the Agreement in which to revoke his acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed via certified mail <u>and</u> faxed to:

> Terri Faloney
> Director, Human Resources
> Western Region
> Defense Contract Audit Agency
> 16700 Valley View Ave., Suite 300
> La Mirada, CA 90638-5833
> Fax: 714-228-7089

Plaintiff understands that if he revokes his acceptance, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiff signs and dates this Agreement.

24. The parties agree that this Agreement may be executed in counterparts and that a pdf signature will be treated the same as an original signature. Plaintiff's counsel agrees to pdf the fully executed Agreement to Defendant's counsel, as well as mail the original signatures to Defendant's counsel.

25. This Agreement may not be modified except by a writing signed by each party or that party's agent.

//

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
*Wesley v. Gates*, No. C-08-2719 SI          Page 8

//

//

26.    The signatories to this Agreement have actual authority to bind the parties.

FOR PLAINTIFF:

Dated: __10/5/09__

*Hilton I. Wesley (signature)*
Hilton I. Wesley
Plaintiff

LAW OFFICES OF MARY DRYOVAGE

Dated: __10-6-09__

*Mary Dryovage (signature)*
MARY DRYOVAGE
Counsel for Plaintiff

STEWART & MUSELL

Dated: __10·6·09__

*Wendy Musell (signature)*
WENDY MUSELL
Counsel for Plaintiff

FOR DEFENDANT

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: __10/13/09__

*Victoria R. Carradero (signature)*
VICTORIA R. CARRADERO
Assistant United States Attorney
Attorney for Defendant

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: __10/13/09__

*Michael T. Pyle (signature)*
MICHAEL T. PYLE
Assistant United States Attorney

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
*Wesley v. Gates*, No. C-08-2719 SI

Page 9

|   |   |
|---|---|
| 1 | Attorney for Defendant |

//
//
//

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:** The prior Order of Dismiss (doc. 203) is vacated.

DATED: _____
The Honorable Susan Illston
United States District Court Judge

1
2
3
4    # EXHIBIT A
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
*Wesley v. Gates,* No. C-08-2719 SI                                              Page 11

| | |
|---|---|
| 1 | MARY DRYOVAGE, (CA SBN 112551) |
| | Law Offices of Mary Dryovage |
| 2 |    600 Harrison Street, Suite 120, |
| |    San Francisco, CA 94107 |
| 3 |    Telephone: 415 593-0095 |
| |    Fax. 415 593-0096 |
| 4 |    Email: mdryovage@igc.org |

```
1  MARY DRYOVAGE, (CA SBN 112551)
   Law Offices of Mary Dryovage
2       600 Harrison Street, Suite 120,
        San Francisco, CA 94107
3       Telephone: 415 593-0095
        Fax. 415 593-0096
4       Email: mdryovage@igc.org

5  WENDY MUSELL (CA SBN 203507)
   Stewart & Musell
6       600 Harrison Street, Suite 120
        San Francisco, CA 94107
7       Telephone: 415/593-0083
        Fax: 415/520-0920
8       Email: wmusell@stewartandmusell.com

9  Attorneys for Plaintiff
   HILTON I. WESLEY
10
   JOSEPH P. RUSSONIELLO (SBN 44332)
11 United States Attorney
   VICTORIA CARRADERO (SBN 217885)
12 Assistant United States Attorney
   MICHAEL PYLE (SBN 1721854)
13 Assistant United States Attorney
        450 Golden Gate Avenue, Box 36055
14      San Francisco, CA 94102-3495
        Telephone: 415 436-7181
15      Fax: 415 436-6748
        Email: Victoria.Carradero@usdoj.gov
16      Email: Michael.T.Pyle@usdoj.gov

17 Attorneys for Defendant
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILTON I. WESLEY,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT M. GATES, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, DEFENSE CONTRACT AUDIT AGENCY,<br><br>             Defendant. | Case No. C09-2719-SI (MEJ)<br><br>**STIPULATION OF DISMISSAL** |

    IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that the above-captioned action be and hereby is dismissed with

STIPULATION OF DISMISSAL
*Wesley v. Gates*, No. C-08-2719 SI (MEJ)         Page 1

1 | prejudice.  Each party is to bear its own attorneys' fees and costs.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF MARY DRYOVAGE

Dated:

_____
MARY DRYOVAGE
Attorney for Plaintiff

STEWART & MUSELL

Dated:

_____
WENDY MUSELL
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:

_____
VICTORIA  CARRADERO
Attorney for Defendant

Dated:

_____
MICHAEL T. PYLE
Attorney for Defendant

## ORDER

The Court, having been informed that the parties have stipulated to the dismissal of this action with prejudice,

**IT IS SO ORDERED.**

Dated: _____                  _____
                                        THE HONORABLE SUSAN ILLSTON
                                        United States District Court